J-S12002-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK ECKLES | : | |
| | : | |
| Appellant | : | No. 1391 EDA 2025 |
| | : | |

Appeal from the PCRA Order Entered May 6, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0411551-1988

BEFORE: McLAUGHLIN, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED JULY 20, 2026**

Mark Eckles appeals *pro se* from the denial of his request for relief under the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. He claims the PCRA court erred in dismissing his petition as untimely. We affirm.

In 1988, a jury found Eckles guilty of first-degree murder, criminal conspiracy, burglary, and robbery. We affirmed the judgment of sentence and our Supreme Court denied Eckles's petition for allowance of appeal in 1992. **See Commonwealth v. Eckles**, 603 A.2d 1078 (Table) (Pa.Super. filed November 13, 1991) (unpublished memorandum), *appeal denied*, **Commonwealth v. Eckles**, 610 A.2d 44 (Table) (Pa. filed June 30, 1992). Eckles filed the instant *pro se* PCRA petition, his third, on August 2, 2023, and filed numerous supplemental petitions. Eckles raised claims of constitutional

_____

[*] Retired Senior Judge assigned to the Superior Court.

violations, new exculpatory evidence, an unlawful sentence, and a lack of jurisdiction. *See* Post Conviction Relief Act Petition ("PCRA Petition"), filed 8/2/23; 42 Pa.C.S.A. § 9543(a)(2)(i), (iv), (vi)-(viii). Eckles also claimed double jeopardy violations. *See* Amended PCRA Petition, filed 10/24/24, at 4-5. Eckles requested that the court "compel the current [District Attorney's] office, [District Attorney] Krasner/[Conviction Integrity Unit] . . . to disclose whether Justice Kevin Dougherty (his brother's name unknown) were the alleged victims of crimes allegedly by Mr[.] Eckles, and if so, they be compelled to provide testimony which may affirm [Eckles's] recollection (memory) that he was framed by Det. James Dougherty." *Id.* at ¶ 7. He stated he believed the District Attorney's office "may possess new/after-discovered material facts about former Det. James Dougherty's pattern and practice of 'beating and torturing' false confessions from minority suspects[.]" *Id.* at ¶ 8.

Eckles also raised two time-bar exceptions: the governmental interference and unknown facts exceptions. *See* 42 Pa.C.S.A. § 9545(b)(1)(i),(ii). For the governmental interference exception, Eckles claimed that the prosecutor failed to disclose "whether he hid material exculpatory/impeachment evidence" that the detective, "who[m the prosecutor] knew or should have known, was an alleged prior victim of violent crimes by [Eckles] when he was eight years old in 1976[.]" Amended PCRA Petition, filed 10/24/24, at 3. For the unknown facts exception, Eckles claimed

"he has newly discovered/after-discovered **Brady**[1] claims in support of his original PCRA petition[.]" Motion to File a Supplement PCRA Pursuant to 905(A), filed 8/23/23, at ¶ b. Eckles maintained that "additional facts exist of alleged agregious [sic] prosecutorial and [j]udicial misconduct in support of his claims of improper government obstruction from 1988 to date[.]" **Id.** at ¶ c. Eckles attached a flyer titled "Right to Be Free" that listed Philadelphia Detectives who had been "accused, charged, convicted and or disciplined for alleged actions of misconduct" and named Detective Dougherty. **Id.** at Exhibit B. He argued that "by complete 'happen stances [sic]'" on or around December 2023, he learned of the flyer listing these detectives. **See** Amended PCRA Petition, filed 10/24/24, at 2. Eckles alleged the prosecutor failed to disclose that there were "major conflicts of interest" for the detective to be assigned as lead detective in the instant matter. **Id.** at 3. Eckles also claimed he did not recall this information until nearly 50 years after the incident. **Id.**

The PCRA court determined that Eckles's petition was untimely and he failed to plead and prove any time-bar exception. The court issued Rule 907 notice of its intent to dismiss the petition without a hearing. **See** Pa.R.Crim.P. 907. Eckles responded to the court's Rule 907 notice, stating "he could not had known and/or had comprehended any alleged police misconduct and/or how to had defended himself for same" and "he did not and could not had remembered even the name of former detective James Dougherty let alone

_____

[1] **Brady v. Maryland**, 373 U.S. (1963).

his prior alleged biases and prejudices from 1976-2025." Letter Brief in Opposition to Notice of Dismiss Pursuant to R.C.P. 907 of PCRA Petition No. 51-CR-411551-1988, filed 4/16/25, at 3. Eckles argued that Detective Dougherty filed the charge of murder for the instant case to "get him for good" and he filed the instant petition within one year of learning of the "bad cops/prosecutors" list. *Id.* at 4, 6. The court dismissed the petition as untimely. This timely appeal followed.

Eckles presents the following questions:

a. Whether the PCRA court erred and or abused it's [sic] discretion when it failed to find that [Eckles's] first degree murder conviction and life sentence violated res judicata (double jeopardy since he was twice put in jeopardy when the Commonwealth convicted him of conduct in complaint affidavit 8801-2216 and 8802-3063 and or murder-retaliation) which was non-existent conduct the state dropped against Mr. Eckles and his arch of guilt collapsed; and also meant that all subsequent proceedings and final court orders including the PCRA court's 907 dismissal was a nullity;

b. Whether the PCRA court erred and or abused it's [sic] discretion where PCRA relief was warranted since [Eckles] had effectively pled that he was factually innocent of capital murder-retaliation and[/]or that he was convicted on non-existent conduct where if true showed that the entire judicial process in C.P. 8804-11-5560-1/1, constituted extrinsic/intrinsic fraud which lead to a wholly fraudulent and unreliable trial court record that also caused all subsequent proceedings and courts to had wrongly affirmed his convictions and life sentence from 1988-2025, and therefore, had met the exceptions to jurisdictional time-bar under 9543-46 (a)(2)(i-iii) and (b)(1)(i-iii) et al, which allowed the PCRA court to consider the merits of [Eckles's] claims based on government obstructions/interference or at the very least allowed for the grant of a limited evidentiary

- 4 -

hearing to develop an adequate record as to whether [Eckles] met the PCRA's exceptions;

c. Whether the PCRA court erred and or abused it's [sic] discretion where under the PCRA court's original jurisdiction had plenary authority to consider whether the trial court failed to had made a frivolousness determination before she allowed the dropped criminal conduct and[/]or other crime's evidence in 8801-2016 and 8802-3063, inapplicable as to [Eckles's] guilt and so prejudicial to his due process rights to a fair trial that [Eckles] should had been tried separately but was not in 1988, meant not only that the state had waived the amended PCRA jurisdictional restrictions as an affirmative defense(s) including the PCRA court's *sua sponte* 907 dismissal; but also had the trial court made a "frivolousness determination" and ruled against [Eckles] would have enabled him to had filed a[n] interlocutory appeal and had all remaining charges quashed which he was deprived; to that extent, if true, constituted more on the side of egregious government misconduct and that this court's current 907 dismissal without a hearing where it heavily relied upon an alleged tainted trial record and[/]or a 1992 final order nulled and voided, was a nullity; and should bar any further judicial process by the state;

d. Whether the PCRA court erred and or abused it's [sic] discretion in light of the recent United State's [sic] Supreme Court decision in ***Glossip v. Oklahoma***, 604 U.S. ___ (2025), where it extended ***Napue v. Illinois***, 360 U.S. at 269, 79 S. Ct. 1173: knowing usage of testimony/evidence the state knew was false and or in [Eckles's] case his police, prosecutorial and[/]or judicial misconduct claims alleged under ***Glossip/Napue*** met the exceptions implicated in 9545(b)(1)(iii);? And[/]or whether alleged ***Glossip/Napue*** violations allowed for equitable tolling if [Eckles] could prove at an evidentiary hearing one of those three situations; and lastly, whether the PCRA court made factual findings of [Eckles's] waiver absent any record that it was knowing and voluntary should be remand.

Eckles's Br. at 2-3.

We review the denial of PCRA relief by determining whether the PCRA court's conclusions are "supported by the record and free of legal error." ***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted). "[T]he timeliness of any PCRA petition is a jurisdictional requisite." ***Commonwealth v. Beatty***, 207 A.3d 957, 961 (Pa.Super. 2019). A timely PCRA is one that a petitioner has filed within one year from the date the judgment of sentence becoming final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id.*** at § 9545(b)(3). Beyond the one year time-bar, a petitioner must plead and prove a time-bar exception. ***See id.*** at § 9545(b)(1)(i)-(iii). These exceptions are governmental interference, unknown facts, and a constitutional right recognized to apply retroactively. ***See id.*** The petitioner must raise the exception within one year from the time the claim could have been raised. ***See id.*** at § 9545(b)(2).

Here, Eckles's judgment of sentence became final on September 28, 1992, when the time to file a petition for writ of *certiorari* with the United States Supreme Court expired. ***See*** U.S. Sup.Ct. R. 13(1) (stating a petition for writ of certiorari must be filed within 90 days of the entry of judgment). Thus, he had until September 28, 1993, to file a timely PCRA petition. Eckles filed the instant petition nearly 30 years late, in August 2023, and as such his

petition was facially untimely. However, Eckles claimed both the governmental interference and newly discovered facts time-bar exceptions.

To satisfy the governmental interference exception, the petitioner must show that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S.A. § 9545(b)(1)(i).

In his petition, Eckles did not explain how the prosecutor's alleged knowledge of Detective Dougherty's association with Eckles's juvenile case kept him from raising his claims of constitutional violations, improper obstruction by government officials, unavailable exculpatory evidence, an unlawful sentence, or a lack of jurisdiction. *See* 42 Pa.C.S.A. § 9543(a)(2)(i), (iv), (vi)-(viii). Furthermore, Eckles speculates as to what information, if any, the prosecutor had about Detective Dougherty or his association with Eckles's juvenile case. As the PCRA court concluded, "[Eckles's] bald assertion does not provide any evidentiary link to items maintained by the Commonwealth or its disclosure method in this case." Rule 1925(a) Opinion, filed 5/6/25, at 5 (unpaginated). Eckles failed to properly plead this exception.

To satisfy the unknown facts exception, the petitioner must establish that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). Eckles also failed to plead and prove this exception.

- 7 -

Eckles argued that he discovered new facts in the form of a flyer listing Detective Doughtery amongst other officers who were "accused, charged, convicted and or disciplined for alleged actions of misconduct." Motion to File a Supplement PCRA Pursuant to 905(A) at Exhibit B. Though Eckles allegedly raised his claims related to the flyer within the one-year period for him to do so, the information on the flyer does not provide new facts related to Eckles's case. The flyer does not specify the misconduct Detective Dougherty allegedly committed or the cases in which alleged misconduct occurred. Furthermore, Eckles does not claim that Detective Dougherty has been "accused, charged, convicted, or disciplined" for misconduct related to Eckles's case. Eckles's petition also failed to explain how Detective Dougherty's inclusion on this list related to his PCRA claims. Since Eckles failed to plead and prove any time-bar exception, the court committed no error in dismissing the petition as untimely. As for Eckles's jurisdiction and double jeopardy claims, he failed to plead any time-bar exception applicable to these claims. He therefore afforded the court no basis on which to find it had jurisdiction.

Order affirmed. Application for remand denied.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/20/2026